FILED
2009 Nov-04 PM 02:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| JAMES F. KEETON, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 6:09-CV-01381-LSC |
| | ] |
| THE PITTSBURG & MIDWAY COAL MINING CO., INC., | ] ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.  Introduction.

On July 17, 2009, Defendant filed a motion to dismiss Plaintiff's claims as barred by *res judicata*. (Doc. 4.) Because of the seven evidentiary exhibits attached to Defendant's motion, the Court converted the motion to dismiss to a motion for summary judgment in an Order entered July 20, 2009. (Doc. 5.) Plaintiff's counsel has since informed the Court that he does not intend to file an opposition to Defendant's motion.[1] Upon full review of Defendant's motion, accompanying legal memorandum, and

---

[1] On October 27, 2009, Plaintiff's counsel visited the Court's Birmingham Chambers and informed staff in person that he would not be filing an opposition memorandum.

evidence, the Court finds that the motion for summary judgment is due to be granted in all respects.

II.     Facts.

In September 2004, James Keeton filed a lawsuit against The Pittsburg & Midway Coal Mining Company, Inc. ("P&M"), and Blue Cross Blue Shield of Alabama in the Circuit Court of Fayette County, Alabama.  In that lawsuit, Keeton alleged a state law contract claim and sought declaratory judgment. Specifically, Keeton argued that P&M wrongfully terminated benefits to his wife, Susan Keeton, in 2003 under a self-funded employee group health benefit plan and refused to reinstate those benefits.  Keeton also maintained that P&M was obligated to continue providing health insurance to his wife until their divorce was final.

The state court action was removed to this Court, where Keeton amended his complaint to replead his claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Judge Johnson subsequently granted P&M's motion for summary judgment and dismissed all claims, concluding: (1) P&M rightfully declined to reinstate benefits to Keeton's wife because Keeton failed to provide P&M with the

information necessary to show his wife was still a dependent under the benefit plan; and (2) Keeton failed to exhaust administrative remedies.

The action currently before this Court was filed by Keeton against P&M in the Circuit Court of Fayette County, Alabama, in June 2009. P&M removed the action based on Plaintiff's claim for benefits under ERISA. In his complaint, Keeton contends that P&M improperly terminated health insurance coverage for his ex-wife, Susan Keeton, in 2003, and failed to reinstate medical benefits to her while they were living apart prior to the entry of their divorce decree.

III.   Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.  Discussion.

"*Res judicata,* or claim preclusion, will prohibit a party from re-litigating a claim where a judgment on the merits (involving the same claim and the same parties) exists from a prior action." *Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1289 (11th Cir. 2007) (citing *Twigg v. Sears & Roebuck & Co.*, 153 F.3d 1222, 1226 (11th Cir. 1998)) "In order for claim preclusion to apply, four elements are required: (1) a final judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) identity of the parties; (4) identity of the causes of action." *Id.* "In determining whether the causes of action are identical, we have indicated that the analysis centers on whether the 'primary right and duty are the same.'" *Id.* (quoting *Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992) (citations omitted)). "Claim preclusion applies 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" *Id.* (quoting *Manning,* 953 F.2d at 1358-59 (citation and quotations omitted)).

The evidence clearly establishes that *res judicata* applies to bar Keeton's claims in this case, and Defendant is entitled to judgment as a matter of law.

V.   Conclusion.

Therefore, Defendant's motion for summary judgment will be granted. A separate order will be entered.

Done this <u>4th</u> day of <u>November.</u>

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671